**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JORDAN TYLER BRESLOW** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TYHEED RAMEL JOHNSON, LIBERTY** | : | |
| **MUTUAL INSURANCE COMPANY and** | : | |
| **PROGRESSIVE CASUALTY** | : | |
| **INSURANCE COMPANY** | : | **NO. 21-2936** |

**MEMORANDUM**

**Savage, J.**                                                                                   **July 7, 2021**

Plaintiff Jordan Tyler Breslow, proceeding *pro se*, has filed this action arising out of a motor vehicle accident, asserting that the federal court has jurisdiction based upon diversity of citizenship.  Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we must dismiss a case *sua sponte* for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

Under 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil actions "between . . . citizens of different States."  *Id.*, § 1332(a)(1).  This means that for a federal court to exercise diversity jurisdiction, no plaintiff can be a citizen of the same state as any defendant.  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (citation omitted).  The party asserting federal jurisdiction has the burden of establishing the factual bases for jurisdiction.  *Id.* at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006)).

Breslow brings this action against his car insurance company, the driver whom he claims caused the accident, and the driver's insurance company. In the complaint, Breslow alleges that he resides in King of Prussia, Pennsylvania, and that the driver, Tyheed Ramel Johnson, resides in Philadelphia, Pennsylvania. Documentation attached to the complaint, including copies of their driver's licenses and vehicle registrations, confirm that Breslow and Johnson are citizens of Pennsylvania.

A natural person is deemed to be a citizen of the state where he is domiciled. *Lincoln Ben. Life Co.*, 800 F.3d at 104. Thus, Breslow alleges that he and Johnson are both citizens of Pennsylvania.

Because the plaintiff and one of the defendants are citizens of the same state, there is no diversity. Thus, we shall dismiss the complaint for lack of subject matter jurisdiction.